THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00132-MR-WCM

| | |
|---|---|
| **RICKEY W. CROSS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| **DR. BINNS,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court for an initial review of the Plaintiff's Complaint. [Doc. 1].

**I.    BACKGROUND**

The *pro se* Plaintiff, who is incarcerated at the Alexander Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing a surgery that was performed on the Plaintiff at a medical facility in Swain County, North Carolina, prior to his incarceration. The Plaintiff names as the sole defendant "Dr. Binns."[1] [Doc. 1 at ]. The Plaintiff alleges that in February 2022, Dr. Binns performed a triple bypass surgery and used

---

[1] In the caption of the case, the Plaintiff lists "Dr. Binns, and et al." as Defendants. [Doc. 1 at 1]. The Plaintiff, however, identifies no other defendant in the body of his Complaint.

medical wires to hold the Plaintiff's rib cage together after the procedure. [Id. at 2]. The Plaintiff alleges that in April 2024, the wires broke and are now causing him pain and suffering. [Id.]. The Plaintiff seeks compensatory damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

2

set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Plaintiff's Complaint fails to state a claim upon which relief can be granted against the named Defendant under 42 U.S.C. § 1983. As the Fourth Circuit has explained:

> To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions. Thus, the Supreme Court has held that private activity will generally not be deemed "state action" unless the state has so dominated such activity as to convert it into state action: [m]ere approval of or acquiescence in the initiatives of a private party is insufficient.

DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999) internal quotation marks and citations omitted). Here, the Plaintiff has not brought suit against a state actor; instead, he has attempted to sue a doctor who performed a procedure on him prior to his incarceration. The Plaintiff has made no allegation that the named Defendant has a sufficiently close relationship with state actors such that the Court could conclude that he is engaged in governmental action. Even if the Defendant could be considered a state actor (which he is not), the Plaintiff does not identify any conduct by the

3

Defendant which could possibly be construed as a deprivation of the Plaintiff's constitutional rights. For all these reasons, the Plaintiff has no basis to assert a § 1983 claim in this case against the Defendant.

The Court concludes therefore that the allegations set forth in the Plaintiff's Complaint are baseless and fail to state a cognizable claim upon which relief may be granted. When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case. See Neitzke, 490 U.S. at 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); White, 886 F.2d at 724. It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). As such, the Court will dismiss this civil action.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff

4

Case 1:24-cv-00132-MR   Document 5   Filed 05/01/24   Page 4 of 5

fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

**IT IS SO ORDERED.**

Signed: May 1, 2024

Martin Reidinger
Chief United States District Judge