IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00132-MR-WCM

| | |
|---|---|
| **RICKEY W. CROSS,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **DR. BINNS, et al.,** ) <br> ) <br> **Defendants.** ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] and his "Trial Book Brief" [Doc. 6].

## I. BACKGROUND

Rickey W. Cross ("Plaintiff") is incarcerated at the Alexander Correctional Institution ("ACI"). [Doc. 1 at 1]. On April 26, 2024, Plaintiff, who is proceeding *pro se*, filed his Complaint using a form document. [See generally id.]. Therein, Plaintiff brought claims pursuant to 42 U.S.C. § 1983 generally alleging that the surgical wires "Dr. Binns" installed in his chest after conducting a triple bypass procedure prior to his incarceration broke, causing significant pain. [Id. at 2-3]. On May 1, 2024, after conducting its initial review, the Court dismissed Plaintiff's Complaint without prejudice because he had not alleged that Dr. Binns was "engaged in governmental

action" and thus failed to state a claim upon which relief could be granted. [See Doc. 5]. However, Plaintiff was allowed thirty days to file an amended complaint. [Id.].

Thereafter, on May 17, 2024, Plaintiff filed his "Trial Book Brief."[1] [Doc. 6]. Plaintiff states therein that he now intends to bring claims against nurses identified only as John Does and Asheville Memorial Hospital, in addition to Dr. Binns. [Id. at 3]. However, while it appears he is alleging claims for negligence, malpractice, and for violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution and Section 19 of the North Carolina Constitution against Dr. Binns, [see id. at 3, 5, 7-8], Plaintiff does not at all specify in his "Trial Book Brief" what claims he intends to allege against the other defendants.

Factually, Plaintiff alleges that:

> [He] went to, Ashville momorial Hospital, to Have open Heart sergery, and Quadruple By pass, on Date: 02/02/22, and on Date: 09/18/23, The sergecal wire's that connected [his] rib,-cage together, Broke Loose, and [he] imeadlty Fell on the Bed, cause, it Hurt so Bad, And DR. Binns, is the sergen that performed this sergery on [him], and at the Hospital, Ashville, momorial, and [he] Just went Back up too Ashville, momorial, Hospital, on Date: 04/16/24, and

---

[1] As a preliminary matter, despite using a form document to file his Complaint, Plaintiff's "Trial Book Brief" is not a form document, and it is not in the nature of an amended complaint. This notwithstanding, to the extent that Plaintiff's "Trial Book Brief" could be construed as an amended complaint, the Court will evaluate it as such.

> DR. Binns, is re-scheduling [him] For re corrective sergery some time in may or June of 2024 . . . . [He] Had Ex-rays took on the Date: 09/18/23, at Alexander, correctional, Inst., and DR. young of Alexander, correctional, Inst., read the Exrays, Back to [him], and verbly told [him] that some thing, was wrong with them, and also on, Date: 04/16/24, DR. Binns took Ex rays of [his] chest, and Looked at the Exrays, and [Dr. Binns] verbly told [him], that the wire's, Had Broke, and Dr. Binns said we will Have, to do corrective sergery in <u>may</u> or <u>June</u>, to correct the wire Failure, and that we will also Have to use titanium cuplers, too re connect the Bones of the rib-cage, cause the wire's Have Been Broke For so Long, the Bone's, Have grew and exstended, in Length!!

[<u>Id.</u> at 3-4 (errors uncorrected)].

## II.     STANDARD OF REVIEW

Because Plaintiff is seeking to proceed without the prepayment of fees and costs, the Court must review his Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, the Court must also determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). While Plaintiff's *pro se* Complaint must be construed liberally, <u>Haines v. Kerner</u>, 404 U.S.

3

519, 520 (1972), the liberal construction requirement will not permit the Court to ignore a clear failure to allege facts setting forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"The United States Courts are courts of specifically limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). At the pleading stage, if the Court determines that the plaintiff's allegations, when taken as true, are insufficient to plausibly invoke its subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004). Congress has generally provided that the district courts of the United States have subject matter jurisdiction over a case when (1) the complaint raises a federal question or (2) the amount in controversy exceeds $75,000.00 and the parties are of diverse citizenship. See 28 U.S.C. §§ 1331, 1332.

4

Here, Plaintiff's only claims that raise a federal question are those brought pursuant to 42 U.S.C. § 1983 for violations of his rights under the federal constitution. However, as the Court explained in its earlier Order:

> To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions. Thus, the Supreme Court has held that private activity will generally not be deemed "state action" unless the state has so dominated such activity as to convert it into state action: [m]ere approval of or acquiescence in the initiatives of a private party is insufficient.

DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999) (internal quotation marks and citations omitted).

As was the case with his Complaint, Plaintiff does not allege that Dr. Binns was a state actor in his "Trial Book Brief." Rather, he again alleges that Dr. Binns performed a procedure on him *prior* to his incarceration, without making any allegations suggesting that Dr. Binns had a sufficiently close relationship with state actors such that the Court could conclude that he was engaged in government action when he operated on Plaintiff. Additionally, Plaintiff does not make any specific factual allegations regarding the actions, omissions, or identities of any of the other persons or entities he purports to sue in his "Trial Book Brief" such that the Court could

conclude that their actions or omissions are "fairly attributable" to the state.[2] Thus, Plaintiff has not alleged any claims pursuant to § 1983 upon which relief may be granted.[3]

The remainder of Plaintiff's claims—those for negligence, malpractice, and violations of his rights under the North Carolina Constitution—all arise under state law. See, e.g., Bishop v. Cnty. of Macon, 620 F. App'x 148, 149 (4th Cir. 2015) (negligence); Power v. Arlington Hosp. Ass'n, 42 F.3d 851, 856 (4th Cir. 1994) (medical malpractice); Corum v. Univ. of N.C., 330 N.C. 761, 783, 413 S.E.2d 276, 290 (1992) (North Carolina constitutional). Thus, the Court may only adjudicate these claims in this instance if Plaintiff's allegations plausibly suggest that the parties are of diverse citizenship. See Hales v. Winn-Dixie Stores, Inc., 500 F.2d 836, 848 n.1 (4th Cir. 1974) (Widener, J., dissenting); see also Fish v. Cincinnati Ins. Co., 451 F. Supp. 3d 430, 434 (D. Md. 2020) ("If a civil action is not based on a question of

---

[2] Plaintiff does allege that X-rays of his chest were taken at ACI on September 18, 2023, that a doctor there was aware of the wire's failure as of that date, that no one at ACI ordered corrective surgery, and that nobody at ACI took Plaintiff to see Dr. Binns until April 16, 2024. [Doc. 6 at 4, 12]. However, Plaintiff has not sued any actor that was responsible for his care at ACI.

[3] Because Plaintiff has not stated any claims arising under federal law, there is no basis for the Court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the balance of his claims. See Salim v. Dahlberg, 170 F. Supp. 3d 897, 903 (E.D. Va. 2016) (collecting cases) ("a court may exercise supplemental jurisdiction over a state law claim only if the federal claim is sufficiently substantial to confer original jurisdiction on the court.").

federal law, then a federal court may only exercise original jurisdiction based on diversity of citizenship.").

However, Plaintiff has made no allegations regarding his citizenship or the citizenships of any of the persons or entities that he purports to bring claims against in either his Complaint or his "Trial Book Brief." In fact, all indications are that all parties are citizens of North Carolina. As a result, Plaintiff has not plausibly alleged that the Court may exercise jurisdiction over any of his claims based on the parties' diverse citizenships. Accordingly, Plaintiff's state law claims must be dismissed for lack of subject matter jurisdiction.[4]

## IV. CONCLUSION

In sum, the allegations set forth in Plaintiff's Complaint and his "Trial Book Brief" are insufficient to state claims pursuant to 42 U.S.C. § 1983. Thus, Plaintiff's remaining claims could only be heard in federal court if he plausibly alleged that the parties are of diverse citizenship. Because he has not done so, his state law claims must be dismissed.

Additionally, when a Court determines upon its § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case.

---

[4] This dismissal is, of course, without prejudice to Plaintiff's ability to refile these claims in North Carolina's state courts, which are not subject to the same jurisdictional bars as this Court.

See Neitzke, 490 U.S. at 328; White v. White, 886 F.2d 721, 724 (4th Cir. 1989). It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). Therefore, because Plaintiff has failed to cure the deficiencies that the Court identified in its earlier Order by filing his "Trial Book Brief," this matter must be dismissed.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] and his "Trial Book Brief" [Doc. 6], to the extent it can be construed as an Amended Complaint, are hereby **DISMISSED WITHOUT PREJUDICE.**

The Clerk of Court is respectfully directed to close this civil action.

**IT IS SO ORDERED.**  Signed: July 31, 2024

Martin Reidinger
Chief United States District Judge